GRESHAM *v.* GRESHAM.

(In Banc.   April 22, 1946.)

[25 So. (2d) 760.   No. 36104.]

**Robertson & Robertson,** of Jackson, and **Hugh V. Wall,** of Brookhaven, for appellant.

**Barnett, Barnett, Jones & Stone,** of Jackson, for appellee.

Argued orally by **Hugh V. Wall** and **Stokes V. Robertson,** for appellant, and by **Francis Bowling,** for appellee.

**L. A. Smith, Sr., J.,** delivered the opinion of the court.

This is the second appearance of this case here. In 198 Miss. 43, 21 So. (2d) 414, we directed the entry of a judgment here to the following effect:

"Appellee should, and will be, required to pay appellant $60 per month, beginning May 26, 1944, the date of the decree below, and permit her to occupy and use the home on Grand Avenue in Jackson, Mississippi, or, at her option pay her $100 per month from said date without the use of the home, and this shall continue until a change in circumstances justifies a modification of this order, at which time either party may petition the proper court for such modification."

Appellant, after our former decision, filed in the chancery court a declaration containing this clause: "Wherefore, exercising the option so granted unto her by said Court (the Supreme Court) Complainant has heretofore, as aforesaid, elected, and now elects to occupy and use the home on Grand Avenue in Jackson, Mississippi, (being 1334 Grand Avenue) and to receive from Defendant the sum of $60.00 per month."

Appellee in the present appeal, about a year after the former appeal was decided, filed a petition against appellant in the chancery court (his wife now divorced from him by said former proceedings), seeking modification of the allowance of alimony, supra, on the plead justification of a subsequent change in the circumstances of the parties. At the hearing of this petition, contested by the appellant, the chancellor decreed that there were sufficiently changed circumstances to justify a change in the former decree that would require the appellant (Mrs. Gresham), while she had the use and occupancy of appellee's home, to pay for the taxes, insurance and upkeep of the home.

Appellant, as stated, contested the petition to modify, and among other things, sought solicitor's fees for payment for services to her at that hearing and seeks the

same here. Aside from the refusal of solicitor's fees, the part of the chancellor's decree of which complaint is made here is: "Complainant shall henceforth pay when due the taxes and the insurance premiums as and when present policies are renewed, and she shall pay for the reasonable upkeep of the said property at 1334 Grand Avenue, Jackson, Mississippi, so long as she elects to use and occupy the same." There are other issues involved, affecting the amount and calculation of the alimony, but since they were decided against appellee (Dr. Gresham), and he took no cross appeal, we do not discuss them. We do mention that the chancellor held there was no change shown in appellee's condition which would justify modification of the alimony.

At the trial, on behalf of appellee, proof was made that appellant rented to roomers a portion of the dwelling house, the use and occupancy of which had been awarded to her in addition to $60 per month alimony. She thus moderately supplemented the alimony from her divorced husband. It was shown that the property of appellant in Brookhaven was perhaps the oldest edifice in the city, and repairs and upkeep practically consumed appellant's income therefrom. It appears from the evidence that her income from roomers in the home, and from the Brookhaven property, amounted to $37 net to her per month, which added to the $60 alimony, fixed her income at the probable figure of $97 net per month received since the original award of alimony. The continuation of this rental income will be dependent upon the number of roomers and tenants and the rents derived from them, and her overhead expenses, her ability to collect, and repairs to the Brookhaven house; all of which factors must be considered in determining the amount of her reasonable expectations of future income.

Appellee argues also that appellant receives an allotment from her soldier son each month, which should be considered in connection with the financial condition of appellant. To this contention, she replies that this son

is not under any legal duty to support her, which is the duty of the appellee. There is no alteration of the situation here since the alimony decree, as this allotment was being made then. Its continuance depends on the length of time the son remains in the Army, and unmarried. She says she gives it all back to the son for his personal expenses.

The record reveals that the financial status of appellee, Dr. Gresham, is practically unchanged from what it was before the former adjudication, although his health is bad. As a matter of fact, the income from the room renters appears to be about the only change of any substantial nature, since the former adjudication of the alimony, wherein the appellant was allowed $60 per month and the use and occupancy of the home. This rent amounts to probably a reasonable expectation of $30 net per month. It requires personal services from appellant to earn that much, and it is, in our judgment, a "use" not inconsistent with the former award. The chancellor correctly declined to permit appellee to offset it against his alimony liability.

The requirement that appellant pay the taxes, repairs and insurance is not definite enough to sustain a judgment thereon, since the amounts are not fixed in the decree. The taxes are beyond the control, in amount, of either party hereto. The decree does not fix any standard or rule governing the extent of the repairs, or determine who shall have discretion in ordering them, and since the property is that of appellee, it is reasonable to assume that he will claim the right to determine the extent of repairs. This would enable him, if he saw fit, to order so much and so many repairs as to substantially reduce the appellant's $60 per month if she had to bear the expense thereof. The insurance would inure to appellee's benefit, not appellant's. There is nothing in the former adjudication whereby she should or could collect such insurance in case of loss of the home under the coverage of the policy.

The clear intendment of our former decision was that appellant was to have $60 per month, net, from appellee, and in addition thereto the use and occupancy of the home. This requirement thereafter that she be required to pay the taxes, insurance and repairs thereon, in our judgment, was not justified.

We have considered Winkler v. Winkler, 104 Miss. 1, 61 So. 1, Ann. Cas. 1915C, 1250, and cannot agree that it is in point on the precise issue here. The issue here is whether there is such alteration in conditions since the decree fixing the alimony as would justify modification of the previous alimony award. The chancery court is not authorized to set aside a decree rendered at a former term and render another in lieu thereof, but only to change and modify the terms of a former decree in accordance with the after arising circumstances of the parties. Williams v. Williams, 127 Miss. 627, 90 So. 330, 331. Since the appellant was allowed the occupancy and use of the house, we think she had a right to rent rooms therein, and since she performs, perforce, personal services in earning said rentals and they come from a reasonably predictable use of the house under the circumstances of the case when allowance was made, we do not think this income thus earned is such a change of circumstances as would justify a modification of the precious award. Apparently, the house was also insured then. We take judicial notice that the property was then subject to taxes, and we find no justification for now charging appellant with same.

This brings us to the question of attorney's fees. The learned chancellor denied application of appellant for any amount for her solicitors. Appellee cites Miller v. Miller, 173 Miss. 44, 159 So. 112; Parker v. Parker, 71 Miss. 164, 14 So. 459; Rees v. Rees, 188 Miss. 256, 193 So. 334, 194 So. 750. But they have no application here, except that appellant is entitled to representation by a competent solicitor, and solicitor's fees accordingly. Her alimony allowance and rentals cannot be termed large enough for

her to pay her counsel out of it. (The house in Brookhaven is mortgaged.) The appellant brought her into court on this matter resulting from their former marital status, seeking, without justification, an alteration of his liability to her from a court decree fixing it, and we think should pay her an attorney's fee. Otherwise, he could sue her so often as to impose an oppressive burden on her allowance in resisting his repeated applications. We think allowance of an attorney's fee should have been made her by the court below.

No proof was made as to a proper fee, and would not have been binding on the court if made, but we think a fee of $100 should have been allowed her. Evidence of the amount is permissible, but not conclusive, in fixing such fees, Johnson et al. v. Howard et al., 167 Miss. 475, 141 So. 573; since the Court may determine the same from its knowledge of the record and its experience in such matters.

On her application for solicitor's fee on appeal here, in accordance with practice heretofore followed, we allow appellant one half of the amount the trial court should have awarded her, that is $50 here.

In view of what we have said, supra, we are constrained to reverse the chancellor's decree requiring appellant to pay taxes, insurance and upkeep on the home; and denying her any amount as attorney's fees. Since we think the chancellor should have allowed appellant $100 for such purpose, we hereby fix and allow same in that amount, and judgment will be entered here accordingly. We also fix and allow appellant $50 for attorney's fees here on appeal. The decree of the chancellor is, therefore,

Reversed and decree rendered here for appellant.