## Haas *v.* Lemon

No. 41717          March 27, 1961          128 So. 2d 361

*Michael D. Haas,* Bay St. Louis; *Creekmore & Beacham,* Jackson, for appellant.

*Daniel D. Guice,* Biloxi; *Bidwell Adam,* Gulfport; *Forrest B. Jackson,* Jackson, for appellee.

Lee, P. J.

Fred L. Lemon filed a petition to modify a decree of the Chancery Court of Jackson County of date of December 6, 1957, with reference to the custody of the daughter of the marriage; to reduce the amount of money for her support; and to make definite provisions on such custody and rules therefor. The defendant, Delores V. Carver Lemon Haas, the former wife, filed both general and special demurrers as to the sufficiency of the petition; and, in her answer and cross-bill, she denied all material allegations of the petition. She also made her answer a cross-bill and sought to recover $405.90, the alleged balance on their previous property settlement, $128.11 for medical bills allegedly incurred for the child during serious illnesses, and fees for her solicitors. The answer of Lemon to the cross-bill denied the material allegations thereof.

The decree of December 6, 1957, had awarded the wife a divorce, custody of the child, Deena Elizabeth Lemon, subject to certain visitation rights of the father, and $25 per week for the support of the child. It also adopted and incorporated an agreement between the parties with reference to the settlement of property rights.

At the time of the entry of the above mentioned decree, neither of the parties had a home. Lemon lived in a rented room, and his wife was living in the home of her parents. At the time of this hearing both parties had remarried and were then living in substantial homes.

Following the divorce, things moved along with reasonable satisfaction. The father took custody of the child for visitations at the times and on the occasions agreed upon, and paid the weekly support money. However on October 18, 1959, he married again, and thereafter he experienced considerable difficulty in getting custody of his daughter for visitations. There was evidence pro and con as to why this controversy arose.

Mrs. Lemon, now Mrs. Haas, after the divorce, secured employment and received a salary of $3,600 for the last year that she worked. It was necessary, however, that she secure baby sitters, during the time of her employment, and such expense, according to her testimony, amounted to $80 per month. Soon after her marriage to Mr. Haas, she quit working with the expectation of devoting more time to the child, and, of course, she no longer incurred the expense for baby sitters.

In the property settlement, Lemon had agreed to pay his wife $3,000, being in full settlement for alimony and borrowed money. In this hearing, the evidence was in conflict as to whether the amount of $405.90, claimed by the complainant to be a part of the $3,000, had actually been paid. Mrs. Haas offered no corroboration as to the necessity for the medical bills or the reasonableness of such charges.

The decree, rendered on March 30, 1960, awarded custody to both parents and detailed the periods for exercise thereof by each of them. Beginning in September 1960, when the child would be in school, the mother was to have custody except that, on every other week, the father would take the child on Friday after school until 7 o'clock p. m. the following Sunday, and would have the child during the month of July of each year. Detailed rules for the custodial exchanges were decreed.

Inasmuch as the period of time from March until September 1960 has already elapsed, the above stated provision has supplanted the order for the period previous thereto. The weekly support of $25 for the child was reduced to $20; the claims for $405.90 and $128.11 were rejected; and the court refused to allow the defendant solicitors' fees.

In view of the changed conditions of the parents, the court has amply justified in reducing the weekly support, in making the slight changes in regard to custody, and in preserving rules to be followed in custodial ex-

changes. ▮▮ ▮ But since the evidence was in dispute concerning the item of $405.90 and the lack of corroboration on the item of $128.11, this Court cannot say that the trial court's finding is not supported by substantial evidence. The decree in those respects will, therefore, be affirmed.

The learned trial court said that he denied the allowance of fees for the appellant's solicitors because he felt like she provoked the filing of the petition; that she had funds of her own; and that she had signed checks on the joint bank account of herself and her husband.

As to the first proposition, this action was not brought merely to compel compliance with the terms of the decree as to visitation rights. It sought substantial changes. The amount of $1,800 which the appellant possessed at the time of this trial, was, in whole or in part, paid her under the former decree as alimony in the property settlement; and it would be an anomaly indeed to compel her to expend those funds, or any part thereof, in defense of the decree under which she came into possession of such money. Manifestly her present husband was under no legal obligation to furnish funds in order that his wife might contest an action growing out of relations between her and her previous husband.

▮▮ ▮ Under the authority of Gresham v. Gresham, 199 Miss. 778, 25 So. 2d 760; Castleberry v. Castleberry, 214 Miss. 94, 58 So. 2d 67 and Latham v. Latham, 223 Miss. 263, 78 So. 2d 147, the court should have allowed a reasonable sum to the appellant for the defense of this suit. Consequently, the cause is reversed on this feature and remanded to the trial court for the allowance of a reasonable fee to the appellant for the services of her solicitors in the trial court. When this amount has been fixed, the trial judge will then add thereto 50 percent of such sum so fixed, as the amount determined by this

Court to be reasonable solicitors' fees for the services performed in this Court.

Affirmed in part and in part reversed and remanded.

*Gillespie, McElroy, Rodgers* and *Jones, JJ.*, concur.