541 So.2d 1040 (1989)
Kenneth W. MORRIS
v.
Rosalind J. MORRIS.
No. 58519.
Supreme Court of Mississippi.
April 5, 1989.
*1041 Robert C. Dean, Greenville, for appellant.
John S. Holmes, Holmes & Holmes, Yazoo City, for appellee.
Before HAWKINS, P.J., and ROBERTSON and PITTMAN, JJ.
PITTMAN, Justice, for the Court:
Kenneth W. Morris petitioned the Chancery Court of Yazoo County for modification of a divorce decree previously entered by that court. The Chancellor dismissed the petition. Mr. Morris appeals, basing his argument on three assignments of error. Finding these assignments meritless, we affirm.

I.
The facts in this case are not disputed. Kenneth Morris and Rosalind Morris were married on December 27, 1964. Their marriage produced three children: John Whittington Morris, born June 21, 1970; Thomas Jason Morris, born November 29, 1974; and David Stafford Morris, born February 28, 1981. The couple filed a Joint Complaint for Divorce on August 5, 1986, citing irreconcilable differences as grounds. The couple also filed an Agreement for the Custody and Maintenance of Children and Settlement of All Marital and Property Rights on October 8, 1987. The parties filed an Amended Agreement on November 4, 1987. Both agreements provided for Mr. Morris to pay Nine Hundred Fifty Dollars ($950.00) per month child support, one-half (1/2) of all school supplies and expenses, one-half (1/2) of all camp costs, to provide all hospital, medical and dental insurance for the children, and to pay one-half (1/2) of all medical expenses of the children not covered by the insurance.
On November 17, 1986, Chancellor E.G. Cortright granted the Judgment for Divorce. The Amended Agreement was attached to the Judgment as Exhibit "A", and the Judgment specifically ordered that the parties "abide by all the terms and conditions of the said Amended Agreement." Item 12 of the Amended Agreement reads as follows: "Husband and Wife agree that they are financially able to perform each and every obligation stated in this Agreement." It appears that up through this point, neither party had been represented by an attorney, either in the divorce proceedings or in drawing up the Amended Agreement.
The aforementioned period was a time of financial instability for Mr. Morris. He had been employed for eighteen years by Pennzoil until July, 1986, when he was terminated. Morris received as a result severance pay of Seventeen Hundred Forty Dollars ($1740.00) per month, which lasted from August 1, 1986, to January 16, 1987. During this period, Mr. Morris was employed on a temporary basis by Delta-Inverness Co-op. After his termination from Pennzoil, Mr. Morris attended a career-change seminar, and later sent his resume to a number of employers. He registered with Job Service in Sunflower and Washington Counties, and also with the Louisiana Employment Security Commission. His sole offer was from Uncle Ben's in Greenville, and he accepted and began *1042 work in February, 1987, at a take-home salary of Nine Hundred Seventy Two Dollars ($972.00) per month. Mr. Morris was aware in November, 1986, when he signed the Amended Agreement, that his severance pay would run out in January, 1987, and was also aware that after the severance pay ran out he had no confirmed employment. Mrs. Morris' financial situation did not change during this period.
On March 2, 1987, Kenneth Morris, represented by counsel, filed a Petition for Modification for Final Decree. In it Mr. Morris alleged that there had been a substantial material change in his financial status which merited a modification of the final divorce decree. Mr. Morris asked that he be allowed to reduce his child support payments under the Amended Agreement to a figure not to exceed Three Hundred Dollars ($300.00) per month. Mrs. Morris answered the Petition and denied that there had been any such material change which would allow modification of the Amended Agreement as incorporated by the Final Decree.
The cause came on for hearing on March 16, 1987, in the Chancery Court of Yazoo County, Mississippi. The Chancellor issued his opinion on March 21, 1987. In dismissing the Petition for Modification, the court was "at a loss as to what the material change of circumstances since the rendition of the Judgment for Divorce could be." The Chancellor reasoned that although Mr. Morris had less income in February than he had in November when he had agreed to the settlement, "he knew that would be the case when he entered into the Agreement, stating that he was financially able to perform its terms." The opinion added that "there [had] not been a material change in the circumstances since the rendition of the divorce judgment that would warrant a modification to be in the best interest of the children."

II.
Kenneth Morris argues first that the reduction in his income from Seventeen Hundred Forty Dollars ($1740.00) per month to Nine Hundred Seventy Two Dollars ($972.00) per month was a material change in circumstances which entitled him to a reduction in child support payments, and that the Chancellor erred in not finding so. This Court views Mr. Morris' assignments of error in light of the established standard of review. If substantial evidence supports a chancellor's fact findings, they are beyond this Court's power to disturb. With respect to issues of fact where the chancellor made no specific finding, this Court proceeds on the assumption that the chancellor resolved all such fact issues in favor of the appellee, or at least in a manner consistent with the decree. Tedford v. Dempsey, 437 So.2d 410, 417 (Miss. 1983).
Modification of divorce decrees is governed by Miss. Code Ann. § 93-5-23 (Supp. 1988), which states in part:
When a divorce shall be decreed from the bonds of matrimony, the court may, in its discretion, having regard to the circumstances of the parties and the nature of the case, as may seem equitable and just, make all orders touching the care, custody and maintenance of the children of the marriage, and also touching the maintenance and alimony of the wife or the husband, or any allowance to be made to her or him, and shall, if need be, require bond, sureties or other guarantee for the payment so allowed. Orders touching on the custody of the children of the marriage may be made in accordance with the provisions of Section 93-5-24. The court may afterwards, on petition, change the decree, and make from time to time such new decrees as the case may require. However, where proof shows that both parents have separate incomes or estates, the court may require that each parent contribute to the support and maintenance of the children of the marriage in proportion to the relative financial ability of each....
Divorces granted due to irreconcilable differences are subject to these provisions. Miss. Code Ann. § 93-5-2 (Supp. 1988); Taylor v. Taylor, 392 So.2d 1145 (Miss. 1981) (alimony agreements subject to modification as are other aspects of settlements). To justify changing or modifying *1043 the divorce decree there must have been a material or substantial change in the circumstances of the parties. The material or substantial change is relative to only the after-arising circumstances of the parties following the original decree. Shaeffer v. Shaeffer, 370 So.2d 240, 242 (Miss. 1979). In Trunzler v. Trunzler, 431 So.2d 1115 (Miss. 1983), a former husband petitioned to modify a divorce decree such that an accounting would be required of his ex-wife. The Court agreed that such a request was feasible under certain circumstances:
We are of the opinion the court may modify a decree for support of children so as to require a divorced wife to periodically account for child support payments, if, but only if, the circumstances so require. We think the petition should allege a change of circumstances not anticipated at the time of the entry of the original decree.
431 So.2d at 1116.
There is little doubt that a decrease in one's income from Seventeen Hundred Forty Dollars ($1740.00) per month to Nine Hundred Seventy Two Dollars ($972.00) per month qualifies as a material or substantial change, especially when one is obligated to pay Nine Hundred Fifty Dollars ($950.00) per month in child support alone. The question then becomes whether the change occurred as a result of the after-arising circumstances of the parties, or whether it was something that could have been or should have been reasonably anticipated by the parties to the agreement at the time of the agreement.
In reviewing cases in which modification of settlement agreements has been considered, this Court could find no case in which the time period between the date of the settlement agreement and the date of the request for modification was as short a period of time as we find in the case at bar. See East v. East, 493 So.2d 927, 930 (Miss. 1986) (three years); Banks v. Banks, 511 So.2d 933, 934 (Miss. 1987) (seven years). In Roberts v. Roberts, 395 So.2d 1035, 1036 (Ala. Civ. App. 1981), a former husband filed a petition to modify a judgment of divorce, alleging a material change in circumstances after only six months. Although the alleged change in Roberts was not as significant as a decrease by fifty percent in income, that Court was careful to consider a modification request made so soon after the divorce judgment. As the Court stated:
When, as in this case, a provision for periodic alimony is based upon the agreement of the parties, that provision should not be modified without close scrutiny, especially where so short a time, here six months, separates the decree and the hearing for modification.
395 So.2d at 1037.
This Court does not question Mr. Morris' sincerity in signing the Amended Agreement. However, we find that under these circumstances we must hold him to the Agreement. To allow a modification under these circumstances would effectively negate the settlement provision of § 93-5-2. The language of the Amended Agreement, particularly Item 12, is unequivocal. This Court assumes that Mr. Morris knew what he was agreeing to when he entered into the Amended Agreement. Weeks v. Weeks, 403 So.2d 148, 149 (Miss. 1981). There is nothing in the record which contradicts this assumption. Not only was the trial court not manifestly in error, but it was correct when it found that there had been no material or substantial change in Mr. Morris' financial situation which would warrant modification of the Amended Agreement. This assignment of error is without merit.

III.
Mr. Morris further argues that even if his change of circumstances does not meet the requirements for modification as set down by this Court, then the trial court abused its discretion by not employing its equitable powers in reducing his child support payments in order to remedy his bleak financial situation. The equitable powers of the chancery courts of this state are tremendously flexible in situations such as this, and there will be no attempt to place any limits on them here. Suffice it to say *1044 that the trial court did not abuse its discretion in this case.
In both the trial court's opinion and in its judgment, the Chancellor stated that there had been no material change in circumstances since the rendition of the divorce judgment that would warrant a modification to be in the best interest of the children. Mr. Morris claims that this language shows that the trial court only considered the interests of the children in its decision, and that such narrow consideration is contrary to the law and warrants reversal. Mr. Morris replies principally on Tedford v. Dempsey, 437 So.2d 410 (Miss. 1983). In Tedford, this Court stated that all relevant circumstances should be considered in entering a child support decree, and one of the primary factors to be considered is "the financial resources reasonably available to each parent." 437 So.2d at 422. It is obvious that the Chancellor relied heavily on the best interests of the children in making his decision. As is stated in Tedford, "the best interests of the children are always our touchstone." 437 So.2d at 417. Despite the emphasis the trial court places on this factor, this Court cannot say that it was the only factor taken into consideration. The trial court's consideration of the well-being of the children appears only to reflect the same guidelines that this Court has followed, and such emphasis does not amount to error. These assignments are also without merit. The judgment of the lower court is affirmed.
AFFIRMED.
ROY NOBLE LEE, C.J., HAWKINS, P.J., and PRATHER, ROBERTSON, SULLIVAN, ANDERSON and BLASS, JJ., concur.
DAN M. LEE, P.J., dissents.