638 So.2d 1295 (1994)
Shirley Bain Ferguson SHIPLEY
v.
James Henry FERGUSON.
No. 92-CA-1327.
Supreme Court of Mississippi.
June 23, 1994.
*1296 Richard A. Oakes, Burgoon & Oakes, Greenwood, for appellant.
Loni N. Eustace, Abraham & Associates, Greenwood, for appellee.
Before PRATHER, P.J., and PITTMAN and SMITH, JJ.
PRATHER, Presiding Justice, for the Court:

I. INTRODUCTION.
This domestic case is appealed from the Chancery Court of Leflore County. After a hearing held on November 24, 1992, the chancellor entered an order dated December 2, 1992, which, among other things, reduced the amount of child support the appellee/complainant, James Henry Ferguson (James), was required to pay to his ex-wife, Shirley Bain Ferguson Shipley (Shirley), from $450.00 per month to $400.00. This order also modified the original divorce decree to allow James to claim the oldest of the couple's two children as a tax exemption so long as his child support payments are not in the arrears more than thirty (30) days. Finally, the chancellor denied Shirley's request for attorney's fees. From this ruling, Shirley now brings her appeal to this Court assigning as error the following:
I. WHETHER THE CHANCELLOR WAS MANIFESTLY WRONG IN REDUCING FATHER'S MONTHLY CHILD SUPPORT OBLIGATION AFTER FINDING THAT NO MATERIAL CHANGE IN THE CIRCUMSTANCES OF THE PARTIES HAD OCCURRED SINCE THE ENTRY OF THE ORIGINAL DECREE.
II. WHETHER THE LOWER COURT WAS MANIFESTLY WRONG IN AMENDING THE PRIOR DECREE TO PERMIT THE FATHER TO CLAIM ONE CHILD AS AN EXEMPTION FOR TAX PURPOSES WHERE THE ISSUE WAS NEITHER RAISED BY THE PLEADINGS NOR TRIED BY CONSENT.
III. WHETHER THE CHANCELLOR WAS MANIFESTLY IN ERROR IN REFUSING TO AWARD ATTORNEY'S FEES TO WIFE.
In addition to these assignments of error, Shirley has filed a motion for attorney's fees asking this Court to award her attorney's fees against James in an amount determined by this Court.

*1297 II. STATEMENT OF THE FACTS.
James Henry Ferguson (James) and Shirley Bain Ferguson Shipley (Shirley) were married on June 1, 1984. James and Shirley have two (2) children: Reghan McKinley Ferguson, born on April 6, 1987, and James Daxden Ferguson, born on September 7, 1988. James and Shirley filed a joint complaint for divorce on August 23, 1991, stating irreconcilable differences as the grounds for the divorce. Pursuant to filing their complaint for divorce, the two entered into a Child Custody, Child Support and Property Settlement Agreement (the Agreement). This Agreement was signed by Shirley on August 27, 1991, and by James on October 24, 1991. Among other things, this Agreement required James to pay Shirley $450.00 per month in child support until the children reach the age of twenty-one (21) or otherwise become emancipated or self supporting. Also, James was to provide hospitalization, health, accident and dental insurance on the two children. Both Shirley and James were required to pay one-half (1/2) of all medical expenses not covered by insurance. This Agreement was incorporated into the final Judgment For Divorce entered on November 1, 1991.
On September 21, 1992, James filed a Motion for Modification of Judgment for Divorce and for Other Relief. In addition to other things, James filed this motion seeking a modification or reduction in the amount of monthly child support payments that he was required to pay Shirley. In this motion, James alleged that a material change in circumstances had occurred since the rendition of the Judgment for Divorce. In response to James' motion, Shirley filed Respondent's Answer to Movant's Motion for Modification of Judgment for Divorce and for Other Relief and Respondent's Counter-Motion to Cite Movant for Contempt and for Other Relief on September 30, 1992. In this response, Shirley denied that James was entitled to a reduction in his child support obligation, stating that no material change in circumstances had occurred since the entry of the Judgment for Divorce. Further, Shirley filed a cross-claim seeking attorney's fees for defending against this motion to modify filed by James.
A hearing was held on these matters on November 24, 1992, in the Leflore County Chancery Court. By agreement of the parties, all issues except the reduction of child support and the issue of attorney's fees were resolved prior to the hearing. These matters which were resolved by the parties prior to the hearing were incorporated into the final order entered by the chancellor. Therefore, the only issues before the chancellor at this hearing were whether James was entitled to reduction in the amount of child support he was required to pay each month and whether Shirley should be awarded attorney's fees. The chancellor entered an order on this matter on December 2, 1992. Among a number of other things, the chancellor's order reduced James' obligation to pay child support from $450.00 per month to $400.00 per month. Also, the chancellor allowed James to claim the couple's oldest child as a tax exemption so long as his child support payments are not in the arrears more than thirty (30) days. Finally, the chancellor denied Shirley's request for an award of attorney's fees. From this order, Shirley then filed her Notice of Appeal to this Court on December 11, 1992.

III. ANALYSIS.

I. WHETHER THE CHANCELLOR WAS MANIFESTLY WRONG IN REDUCING FATHER'S MONTHLY CHILD SUPPORT OBLIGATION AFTER FINDING THAT NO MATERIAL CHANGE IN THE CIRCUMSTANCES OF THE PARTIES HAD OCCURRED SINCE THE ENTRY OF THE ORIGINAL DECREE.
In his motion to modify the child support, James contends that since the entry of the divorce decree a material change in circumstances had occurred which necessitated a reduction in the amount of child support he should be required to pay each month. Shirley contends that the chancellor was correct in finding that no change in circumstances had occurred which would normally warrant a modification of child support, but committed manifest error in reducing James' monthly child support payments. On the other *1298 hand, James argues that the relief granted by the chancellor was supported by the evidence presented in this case and that this Court should uphold the decision of the chancellor to reduce his monthly child support obligation by $50.00.
"In appeals from Chancery Court, our scope of review is limited. We will not reverse a Chancellor's findings of fact where they are supported by substantial credible evidence in the record." Hammett v. Woods, 602 So.2d 825, 827 (Miss. 1992). See Tedford v. Dempsey, 437 So.2d 410, 417 (Miss. 1983). In discussing the modification of a child support agreement, this Court has stated:
To justify changing or modifying the divorce decree there must have been a material or substantial change in the circumstances of the parties. The material or substantial change is relative to only the after-arising circumstances of the parties following the original decree.
Morris v. Morris, 541 So.2d 1040, 1042-43 (Miss. 1989). See also, Miss. Code Ann. § 93-5-23 (Supp. 1993). Morris also implies that the change should not be "something that could have been or should have been reasonably anticipated by the parties to the agreement at the time of the agreement." Morris, 541 So.2d at 1043. More recently, the Court has said, "The burden of proof that must be met by the party seeking a financial modification is to show a material change of circumstances of one or more of the interested parties, whether it be the father, mother, or the child(ren), arising subsequent to the original decree." McEachern v. McEachern, 605 So.2d 809, 813 (Miss. 1992). See Hammett, 602 So.2d at 828; Adams v. Adams, 591 So.2d 431, 435 (Miss. 1991); Cox v. Moulds, 490 So.2d 866, 869 (Miss. 1986).
In his motion for modification, James sets forth a number of factors which he claims constitute a material change in circumstances in his life and therefore would warrant a reduction in the amount of child support that he is required to pay each month. First, James states that at the time of his divorce from Shirley, he was living with his parents at their home and he did not incur any rent or living expenses. Since that time, James has moved and established his own residence and now therefore incurs rent and living expenses each month. Next, James states that his gross monthly income has been reduced from $2,200.00 to $2,000.00. Finally, James had written a check to the State Tax Commission which was returned for insufficient funds. The tax commission thereafter obtained a judgment against James. As a result, James' wages were being garnished in the amount of $390.00 per month by the State Tax Commission. Also, James makes note of the fact the Shirley has now remarried and he claims that she therefore no longer incurs living expenses or has other assistance in meeting these expenses.
As mentioned above, in determining if a material change in circumstances has occurred which would warrant a modification of child support, the change in circumstances could be that of the father, the mother, or the children. As to the children, the evidence presented in this case indicated that the children had no special or extraordinary type expenses nor was any evidence produced tending to prove that the children's expenses had either increased or decreased. It is true that Shirley has remarried subsequent to her divorce from James. Shirley testified that her new husband does help her with the children's expenses. Since her divorce, and prior to the hearing in this case, Shirley had received one pay increase and expected another $50.00 per month raise at the end of that month. However, Shirley stated that other than her salary and child support payments, she had no other sources of personal income. This Court finds no material change in circumstances in relation to either the children or Shirley which would justify the modification of James' child support obligations.
As to the factors in James' life which he contends would warrant a reduction in his monthly child support obligation, it should again be noted that only changes occurring after the original decree and not reasonably anticipated by the parties at the time of the agreement should be considered in the modification of child support. See Morris, 541 So.2d at 1042-43. The first change is that James' monthly gross salary has been reduced by $200.00, from $2,200.00 to $2,000.00. *1299 However, James is now given a vehicle by his employer that he may utilize for his personal use. This vehicle is a 1989 Ford truck. James' employer also pays for the car tag and insurance on this truck, however, James does have to pay for gasoline when he utilizes the truck for his personal use. James testified that at the time he signed the Agreement in which he agreed to pay $450.00 per month in child support, he knew that his salary was going to be decreased by $200.00 per month.
The next change in circumstance involves the garnishment of James' salary. James wrote a check to the State Tax Commission for payment of taxes for the year 1990. The check was returned for insufficient funds. The State Tax Commission obtained a judgment against James and thereafter began garnishing his salary at a rate of $390.00 per month. This garnishment was for a twelve (12) week period. It went into effect on August 31, 1992, and ended in January 1993. Further, James admitted on cross-examination that he knew that he owed these taxes to the State Tax Commission before he entered into the Agreement wherein he agreed to pay child support in the amount of $450.00 per month.
James also claims that his change in residence is a material change in circumstances which should be considered. At the time of the divorce, James was living with his parents in their home. James lived with his parents for five (5) or six (6) months out of necessity, he said that he "had to." During the time that James was living with his parents he did not incur any rent or living expenses. However, his parents were not willing to continue to allow James to live with them without sharing some of the expenses. His parents were going to start charging him rent. At this point James moved out of his parent's house and established his own residence. James testified that he now pays $200.00 per month in rent and approximately $100.00 in utilities. It would appear that when a person moves back into the home of his parents following a divorce, that person would not be likely to consider this a "permanent" living arrangement. Further, if a person did consider it a permanent situation, he in all likelihood should not reasonably believe that he would be allowed to live with his parents permanently or indefinitely without ever having to share the living expenses. Therefore, this Court finds that at the time James moved in with his parents, he should have reasonably expected that in the future he would once again have to incur some type of rent or living expenses.
Thus, none of the changes in circumstances raised by James present a material change in after-arising circumstances which would warrant a modification in his monthly child support obligation. All of these changes either occurred prior to James' signing of the Agreement in which he agreed to pay $450.00 a month in child support or were changes which should have been reasonably anticipated by James at the time that he signed this agreement. There was no material change in after arising circumstances sufficient to warrant a modification of James' child support obligation. The chancellor, in the court below, therefore erred in doing so. Also, the circumstances presented in the instant case do not necessitate that the chancery court grant extraordinary relief under its equitable powers. See Shaeffer v. Shaeffer, 370 So.2d 240, 243 (Miss. 1979).

II. WHETHER THE LOWER COURT WAS MANIFESTLY WRONG IN AMENDING THE PRIOR DECREE TO PERMIT THE FATHER TO CLAIM ONE CHILD AS AN EXEMPTION FOR TAX PURPOSES WHERE THE ISSUE WAS NEITHER RAISED BY THE PLEADINGS NOR TRIED BY CONSENT.
On appeal, Shirley contends that it was error for the chancellor to amend the prior decree and award James their oldest child as a tax exemption. The issue of tax exemptions was not raised by the pleadings. Also, Shirley claims that this issue was not tried by the consent of the parties and, therefore, the chancellor should not have entered a ruling concerning the issue of tax exemptions. While James admits this issue was not raised by the pleadings, he claims that it was tried by the consent of the parties and that the chancellor did not err in amending *1300 the original decree to award James the couple's oldest child as a tax exemption.
It is clear from the pleadings in this case that the issue of income tax exemptions was never raised. Also, the only evidence pertaining to this issue was a brief colloquy of questions of James by the chancellor regarding who claimed the children as tax exemptions.
James admits that the issue of tax exemptions was not raised by the pleadings, however, he asserts that the issue was introduced at trial, without objection, and therefore, the issue was tried by the implied consent of the parties under Rule 15(b) of the Mississippi Rules of Civil Procedure. Rule 15(b) reads:
(b) Amendment to Conform to the Evidence. When issues not raised by the pleadings are tried by expressed or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues. If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in the maintaining of his action or defense upon the merits. The court may grant a continuance to enable the objecting party to meet such evidence. The court is to be liberal in granting permission to amend when justice so requires.
M.R.C.P. 15(b). Shirley asserts that she never impliedly consented to the trying of the issue of tax exemptions. This Court finds the language employed by the Fifth Circuit Court of Appeals regarding Federal Rule of Civil Procedure 15(b) in Crawford v. Glenns, Inc., 876 F.2d 507 (5th Cir.1989), to be instructive:
Generally a finding of implied consent "`depends on whether the parties recognized that an issue not presented by the pleadings entered the case at trial.'" If a party fails to object because he does not recognize the significance of the evidence introduced, however, he cannot be said to have consented impliedly to the trial of the unpleaded issues suggested by it. Of course, his inability to comprehend the significance of the evidence must be reasonable in the circumstances presented. For example, implied consent is not found where evidence introduced is relevant to a pleaded issue and the nonobjecting party has no notice that the evidence is intended to raise a new unpleaded issue into the case.
Id. at 513 (quoting Domar Ocean Transp. v. Independent Refining Co., 783 F.2d 1185, 1188 (5th Cir.1986)). See also, Jimenez v. Tuna Vessel "Granada", 652 F.2d 415 (5th Cir.1981).
In the instant case, the fact that the chancellor asked these very few questions of James concerning tax exemptions would not necessarily alert Shirley that a new, unpled issue was being raised and tried. The main issue pleaded in this case that was still contested at the time of this hearing was the question of whether James was entitled to a reduction in his monthly child support obligation. A vital factor in this determination would certainly have to be the amount of income and "take home pay" James earns. The number of exemptions that a person claims has a direct bearing on the amount of "take home pay" that a person makes by reducing his income tax withholdings. Shirley could have easily failed to grasp the significance of this evidence. Therefore, it seems very reasonable that when the chancellor questioned James regarding the tax exemptions that he claimed, that Shirley could have understood this to pertain to the issue of James' income and not as raising a new issue that was not pled in the pleadings. Thus, this Court concludes that Shirley did not impliedly consent to the trying of the issue of the tax exemptions. The chancellor's decision awarding James the oldest child as an income tax exemption is therefore reversed and rendered.

*1301 III. WHETHER THE CHANCELLOR WAS MANIFESTLY IN ERROR IN REFUSING TO AWARD ATTORNEY'S FEES TO WIFE.
Shirley contends that James' motion for modification was a baseless motion. As a result she argues that she should have been awarded attorney's fees and that the chancellor erred when he denied her request for these fees. James, on the other hand, submits that his motion was not baseless or without justification and that the chancellor did not err in denying Shirley attorney's fees in the instant case.
The standard of review this Court employs with regard to the issue of attorney's fees on a motion to modify a divorce decree was discussed in Cumberland v. Cumberland, 564 So.2d 839 (Miss. 1990) wherein the Court stated:
The standards for an award of attorney's fees on a motion to modify a divorce decree are much the same as in an original action. J. Bunkley & W. Morse, Amis on Divorce and Separation in Mississippi § 5.08 (1957). Our law vests the Chancery Court with considerable discretion and the Court's findings on the issue will not be disturbed unless manifestly wrong. Carpenter v. Carpenter, 519 So.2d 891, 895 (Miss. 1988); Milam v. Milam, 509 So.2d 864, 866 (Miss. 1987); Devereaux v. Devereaux, 493 So.2d 1310, 1314 (Miss. 1986); Kergosien v. Kergosien, 471 So.2d 1206, 1212 (Miss. 1985); Trunzler v. Trunzler, 431 So.2d 1115, 1116 (Miss. 1983); McKee v. McKee, 418 So.2d 764, 766 (Miss. 1982); Walters v. Walters, 383 So.2d 827, 828 (Miss. 1980).
Cumberland, 564 So.2d at 844-45. See Hammett v. Woods, 602 So.2d 825, 829 (Miss. 1992). In addition, this Court has said:
When the husband files a petition against his former wife in which he is unsuccessful, he is generally assessed with attorney's fees. This Court has said that when a former husband brings his former wife into court:
[s]eeking, without justification, alteration of his liability to her from a Court decree fixing it, [he] should pay for her an attorney's fee. Otherwise, he could sue her so often as to impose an oppressive burden on her allowance in resisting his repeated applications.

Cumberland v. Cumberland, 564 So.2d 839, 845 (Miss. 1990); Gresham v. Gresham, 199 Miss. 778, 785, 25 So.2d 760, 762 (1946). It is also generally the law that the award and amount thereof of the attorney's fees is discretionary. Martin v. Martin, 566 So.2d 704, 707 (Miss. 1990); Craft v. Craft, 478 So.2d 258, 265 (Miss. 1985).
Gregg v. Montgomery, 587 So.2d 928, 934 (Miss. 1991). See Gresham v. Gresham, 199 Miss. 778, 25 So.2d 760, 762 (1946).
In her direct examination, Shirley testified that she owed her attorney $2,683.75 for defending this action, excluding the fees incurred at the hearing. She testified that this amount represented 36 3/4 hours of work at a rate of $75.00 per hour. Finally, she stated that she had not paid her attorney anything in this action and had no funds with which to do so. James had no basis on which to bring his claim that he was entitled to a reduction of his monthly child support obligation. As a result, Shirley was haled into court to defend this action without sufficient justification. This Court holds that she was properly entitled to an award of attorney's fees in the instant case and that the chancellor was in error in denying her such fees. Thus, this Court reverses and remands this case to the Chancery Court of Leflore County for a determination of the appropriate amount of attorney's fees to be awarded to Shirley both for the action in the lower court and on appeal.

IV. FINAL ANALYSIS AND CONCLUSION.
Finding no material change in the after arising circumstances of the parties involved in the instant case, this Court holds that the chancellor erred in reducing James' monthly child support obligation. As to the issue of awarding the couple's oldest child to James as an exemption for income tax purposes, this Court finds that this issue was not tried by either the expressed or implied consent of the parties. Therefore, this Court reverses *1302 and renders this case on these two issues. Finally, the Court remands this case to the Chancery Court of Leflore County for a determination of the attorney's fees to be awarded to Shirley for both the action in the trial court and also on appeal.
JUDGMENT IS REVERSED AND RENDERED. JUDGMENT IS REVERSED AND REMANDED FOR ALLOWANCE OF ATTORNEY FEES.
HAWKINS, C.J., and SULLIVAN, PITTMAN, JAMES L. ROBERTS, Jr. and SMITH, JJ., concur.
DAN M. LEE, P.J., dissents with separate written opinion joined by McRAE, J.; BANKS, J., joins in part I.
BANKS, J., dissents with separate written opinion.
McRAE, J., dissents with separate written opinion joined by DAN M. LEE, P.J.
DAN M. LEE, Presiding Justice, dissenting:
The majority refuses to recognize the existence and effect of several "material and substantial" changes in the circumstances of the parties to this appeal, which changes were subsequent to their agreement setting child support at $450.00 per month. Furthermore, the majority ignores our established rules regarding the amendment of pleadings by implied consent. The lower court's modification of child support and the award of the tax exemption were both supported by substantial evidence and in conformity with the applicable law. Consequently, the decision of the lower court should be affirmed. It follows a fortiori, that I cannot agree to the award of attorney's fees given the merit of Ferguson's request for modification.

I. MODIFICATION OF CHILD SUPPORT.

At the outset, I must state that I believe Shirley Shipley has misstated this issue in her brief. The majority has apparently accepted the issue as (mis)stated without discussion. Specifically, I do not agree that the chancellor found "that no material change in the circumstances of the parties had occurred."
What the judge said was that the evidence presented did not establish what would under normal circumstances, "be such a change in circumstances that would justify any modification of this decree." Admittedly, the difference is subtle, but after studying the record and the context of the judge's statements, I am firmly convinced that the lower court was merely commenting on the closeness of the issue of materiality and not making a controlling finding of no material change. Indeed, the statement that ordinarily "such a change in circumstances would [not] justify any modification" necessarily implies a finding that some change has occurred and that in the particular case before the court that change was material.
At any rate, the majority, in addressing Ferguson's contentions, seems to realize that the dispositive issue for this appeal is whether the chancellor's ruling is supported by substantial evidence of a material change in circumstances. I can only conclude that it is. The record shows without dispute that after the entry of the agreement in this case, Ferguson was forced to move from his parents' home, thus incurring an additional $300.00 per month (or 15% of his gross monthly income) in living expenses. Furthermore, the majority concedes that subsequent to the divorce decree, Ferguson's income was temporarily reduced by $390.00 per month (or almost another 20% of his gross monthly income) as a result of a judgment for unpaid taxes.
The majority attempts to dismiss these changes not because they are not material but because the majority views these expenses as reasonably foreseeable at the time the agreement was executed.[1] Even with *1303 the benefit of hindsight, which the majority takes for granted, I cannot conclude that these were events which could be reasonably anticipated at the time of the agreement. Specifically, the majority states:
James admitted on cross examination that he knew that he owed these taxes to the State Tax Commission before he entered into the Agreement wherein he agreed to pay child support in the amount of $450.00 per month.
.....
[T]his Court finds that at the time James moved in with his parents, he should have reasonably expected that in the future he would once again have to incur some type of rent or living expenses.
Thus none of the changes in circumstances raised by James present a material change in after-arising circumstances which would warrant a modification in his monthly child support obligation.
I agree that Ferguson had knowledge that he owed money to the State and that he probably could have reasonably anticipated an eventual increase in living expenses. With all due respect for the majority, however, this knowledge does not logically equate to notice that his net monthly income, from which he made child support payments, was about to reduced by almost 40%.
With respect to room and board, Ferguson could just have reasonably have expected that his existing living arrangements would continue until after the passing of some of his more immediate financial exigencies. The record gives no indication that his parents had informed him otherwise.
As for the garnishment, knowledge of the existence of a debt is, unfortunately, frequently distinct and remote from knowledge as to how that debt will be satisfied. Ferguson apparently had no reason to expect at the time of the execution of the agreement that his tax debt would result in a material, albeit temporary, $390.00 decrease in his monthly income.
In my opinion, these two items easily rise to the level of a material change and amply justify the relief granted by the lower court. Even if we were to totally disregard these two events, however, the chancellor's modification would still not be reversible due to Shipley's pay raises. No one contests the fact that Shipley had received one raise and expected another shortly after the ruling of the lower court. Our cases establish that both parents have an equal obligation to support their children, proportionate to their ability to pay. See Tedford v. Dempsey, 437 So.2d 410, 422 (Miss. 1983). Consequently, as conceded by the majority, "material changes" can relate to the circumstances of the children or either parent. McEachern v. McEachern, 605 So.2d 809, (Miss. 1992). Clearly, an increase in Shipley's proportionate ability to support her children would logically lead to a reduction in Ferguson's child support payments.
For the foregoing reasons, the lower court did not err in reducing James Ferguson's child support obligation and should be affirmed.

II. THE TAX EXEMPTION.

The majority's explication of the law with respect to trying unpled issues by implied consent is both accurate and impressive. The problem, however, lies in the majority's application of these principles to the present case.
I agree that the basic rule is that when proof on an issue is presented at trial without objection, the issue may be treated as tried by implied consent. Queen v. Queen, 551 So.2d 197, 200 (Miss. 1989); M.R.C.P. 15(b). I further agree that consent should not be inferred where the party is unable to comprehend the significance of the evidence adduced. At the trial in this case, however, the following exchange occurred between the chancellor and Ferguson:
Q. Now is it my understanding that from this agreement, you do not have any of the children as deductions [sic] for income tax purposes?

*1304 A. I think we split last year's. She got one and I had one, as far as deduction of dependents.
Q. Is that just what you agreed on?
A. That's what we verbally agreed on.
Q. Verbally. You don't have it in this Agreement?
A. No, sir.
Q. But you did verbally agree that this year you would have one child and she would have one?
A. Right. That was last year. We have not discussed it this year.
Q. You have not discussed it this year?
A. No, sir.
At this point I must part ways with the majority's analysis. The explanation of how Shipley and her attorney could have misunderstood the significance of these questions is not plausible. Specifically, the majority states:
The main issue pleaded in this case that was still contested at the time of this hearing was the monthly child support obligation. A vital factor in this determination would certainly have to be the amount of "take home pay" James earns. The number of exemptions that a person claims has a direct bearing on the amount of "take home pay" that a person makes by reducing his income tax withholdings.
Thus the majority would have us believe that a reasonable litigant upon hearing a chancellor question an ex-spouse about the existence of an agreement with respect to tax exemptions would conclude that the judge was seeking information about "take home pay." Clearly, the exemption was only tangentially related to Ferguson's net pay. The judge had pay stubs in evidence which established Ferguson's ability to pay with an infinitely greater degree of precision than the number of exemptions he claimed on his tax return. The only rational conclusion to be drawn from these questions was that the chancellor, in his unlimited equitableness, had introduced a new element into the trial. Yet Shipley did not object. Accordingly I would affirm the award of the tax exemption to Ferguson as the matter was tried by implied consent.

CONCLUSION.
As stated above, the modification of child support was supported by substantial evidence and the award of the tax exemption was tried by the consent of the parties. Because I agree with the lower court that Ferguson's petition for modification was justified, I cannot concur in the majority's award of attorneys fees. The mere fact that a chancellor and members of this Court disagree on the merits of the action should preclude the majority's conclusion that it was sought "without justification." Accordingly, I would affirm the judgment of the lower court.
McRAE, J., joins this opinion.
BANKS, J., joins in Part I of this opinion.
BANKS, Justice, dissenting:
Because I cannot agree with the majority that the chancellor erred in any of the particulars found in the majority opinion, I dissent. I write separately because, regretfully, I cannot embrace in toto the rationale of the other dissenting opinions.
With regard to the modification of the level of monthly child support, I agree with Justice Lee in characterizing the chancellor's conclusions as finding a material change under the circumstances. While the chancellor clearly noted that slight fluctuations in income would not ordinarily warrant a modification, and that changes he ordered were not as much modification as correction, the clear import of his opinion was that the original award of support was so close to the maximum allowed under the circumstances of the parties, that equity demanded a modification in light of even so slight a change. I believe that the chancellor's decision in this regard should be affirmed.
While I cannot agree with Justice Lee that the matter of tax deductions was tried by consent, I would nevertheless affirm the chancellor in reaching that issue. I agree with the majority that in order for an issue to be tried by consent, the parties must be in a position to realize that the point has indeed been made an issue. Mere reference to a *1305 fact, need not put a party on notice. As the majority explains, the question of tax exemption is integrally related to the financial picture of the divided family unit. For that same reason, in my view, the question of tax deduction for dependent children is necessarily a live one in any petition seeking modification of a child support obligation. The parent allowed the exemption is given a monetary advantage over the parent not allowed the exemption. That advantage may be reflected in greater possible disposable income in the tax withholding process or it may simply be reflected in a lesser tax bill or greater tax refund at the end of the year. It follows, in my view, that the question of the tax deduction was fairly embraced in the pleading here at issue where Ferguson prayed for a modification "reducing the amount of child support paid by James Henry Ferguson to Shirley Bain Ferguson Shipley," all with respect to the dependent children in question.
Finally, because I would affirm the modification in all respects, it follows that I would not disturb the finding of the chancellor with regard to attorneys' fees. I would affirm the decree of the chancellor.
McRAE, Justice, dissenting:
James Henry Ferguson won the battle, but he lost the war. The chancellor correctly modified the child support award and allowed Ferguson to claim one of the children as a tax exemption just as the parties had previously agreed. Accordingly, I join Justice Lee's dissent, but write separately to discuss the issue of attorney's fees.
As Justice Lee observes, merely because the chancellor and the majority disagree about the merits of the action, the majority's award of attorney's fees to Shipley is not warranted.[1] Shirley Shipley was not unjustifiably "haled" into court. Ferguson had a legitimate argument and does not appear to have filed the motion either to harass or oppress his former wife. As the chancellor found, she had reneged on the parties' agreement regarding the sharing of the tax exemption. Shipley further presented no evidence that the children's needs were unmet. To the contrary, the record indicates that Ferguson's obligations exceeded his earnings, to the extent that his mother was paying for the children's health insurance. Moreover, there does not appear to be a great disparity in the parties' financial situations which might otherwise warrant an award of attorney's fees to Shipley.
We have vested the chancellor with considerable discretion in the award of attorney's fees and will not reverse unless he is manifestly wrong. Cumberland v. Cumberland, 564 So.2d 839, 844-845 (Miss. 1990); Carpenter v. Carpenter, 519 So.2d 891, 895 (Miss. 1988); Milam v. Milam, 509 So.2d 864, 866 (Miss. 1987). The majority now pays lip service to this standard. It sends instead a message which proclaims to disgruntled former spouses, "win or lose, you'll pay attorney's fees and costs, both yours and mine."
If anyone, it is Ferguson who should be awarded attorney's fees for the action below as well as for this appeal which he was compelled to defend. Accordingly, I dissent.
DAN M. LEE, P.J., joins this opinion.
NOTES
[1] The proposition that foreseeable changes cannot amount to material changes in circumstances is not as settled as the majority implies. Compare Morris v. Morris, 541 So.2d 1040 (Miss. 1989) (which the majority characterizes as "implying" that foreseeable changes cannot give rise to modification) and Tedford v. Dempsey, 437 So.2d 410, 419 (Miss. 1983) (which expressly rejects the proposition). Increased expenses due to growth are an example of foreseeable changes that we frequently recognize as legitimate concerns when modifying child support. In this dissent, I accept the majority's position on reasonably foreseeable changes only for the sake of argument.
[1] There further appears to have been some question as to whether the entire amount of the attorney's fees Shipley claimed was for defense of the motion to modify or for a counter-motion not at issue in this hearing.