LEE, J., for the Court.
¶ 1. Dickey and Frances Martin were married in 1987, and Dickey filed a complaint for divorce in 1998 on grounds of habitual cruel and inhuman treatment, or in the alternative he requested an irreconcilable differences divorce. Frances explained in her answer to the complaint that she did not want a divorce and that Dickey had no grounds for obtaining such a ruling. Finding Dickey had not met the burden of proof, the chancellor declined to grant the divorce and dismissed the case in 2000, plus awarded attorney’s fees to Frances. With this appeal, Dickey does not contest the dismissal, but rather argues that the chancellor erred in awarding attorney’s fees to Frances. As described herein, we find the chancellor abused his discretion, and we reverse and render on the award of attorney’s fees.
I. DID THE CHANCELLOR ABUSE HIS DISCRETION IN AWARDING ATTORNEY’S FEES TO FRANCES MARTIN?
¶ 2. We first note our standard of review in this matter. The standard of review employed by this Court in domestic relations cases is abundantly clear. Chancellors are vested with broad discretion, and we will not disturb the chancellor’s findings unless the court’s actions were manifestly wrong, the court abused its discretion, or the court applied an erroneous legal standard. East v. East, 775 So.2d 741 (¶ 4) (Miss.Ct.App.2000). More specifically concerning an award of attorney’s fees, the party seeking attorney’s fees is required to clear some evidentiary hurdles before fees may be awarded. If the record is insufficient to show an inability by the requesting party to pay attorney’s fees, it would be an abuse of discretion to award them. Norton v. Norton, 742 So.2d 126 (¶ 25) (Miss.1999).
¶ 3. Frances requested attorney’s fees because she argued the lawsuit was frivolous and was filed “without cause and without justification.” “ ‘Without substantial justification,’ when used with reference to any action, claim, defense or appeal, including without limitation any motion, means that it is frivolous, groundless in fact or in law, or vexatious, as determined by the court.” Miss.Code Ann. § 11-55-3 (Supp.2000). Even though a case may be weak or “light-headed,” that is not sufficient to label it frivolous. Norton, 742 So.2d at (¶ 27).
¶ 4. The Litigation Accountability Act of 1988, which is codified in Miss.Code Ann. § 11-5-1 through § 11-5-15 (Supp.2000), describes sanctions for frivolous appeals and the standards under which such frivolity shall be determined. The comment to Miss.Code Ann. § 11-5-5 (Supp.2000) states that we are to look to Rule 11 of the Mississippi Rules of Civil Procedure when determining whether a claim is frivolous for purposes of the Litigation Accountability Act. Rule 11 of the Mississippi Rules of Civil Procedure states in part:
If any party files a motion or pleading which, in the opinion of the court, is frivolous or is filed for the purpose of harassment or delay, the court may order such a party, or his attorney, or both, to pay to the opposing party or parties the reasonable expenses incurred by such other parties and by their attorneys, including reasonable attorneys’ fees.
M.R.C.P. 11(b) (2001). In the present case, the court did not find Dickey’s case to be frivolous. The words in the judgment merely state, “the Court finds that the Plaintiff has failed to meet the burden of proof required to establish a ground of habitual cruel and inhuman treatment, and his suit should be dismissed.” As described in the testimonies at the hearing, *513 Dickey did state the reasons he genuinely felt he was entitled to a divorce, including allegations that Frances went on an excursion one day with a male friend, that she yelled and cursed at him, and that she frequently accused him of infidelity. Whether or not these allegations had any basis in fact, Dickey honestly made the claims believing they were true, which would discount their being labeled frivolous.
¶ 5. We find no error in the chancellor’s decision. Dickey’s case for habitual cruel and inhuman treatment was very weak, but, as described before, this does not render it frivolous. Norton, 742 So.2d at (¶ 27). Also, we recognize the rule that although a divorce granted on the grounds of habitual cruel and inhuman treatment is usually due to acts of physical violence or such acts that result in apprehension thereof, false accusations of infidelity, made habitually over a long period of time without reasonable cause also constitute habitual cruel and inhuman treatment. See Richard v. Richard, 711 So.2d 884 (¶ 19) (Miss.1998). Dickey testified that Frances repeatedly accused him of infidelity in front of family and friends; according to the rule stated in Richard, this could legally be a basis for divorce. Therefore, Dickey’s complaint was based in fact and arguably based in law, as well, failing to render it frivolous, as Frances claims. The chancellor stated no reason for his decision to award attorney’s fees, and since we cannot find that the complaint was frivolous, there is no grounds for an award on this basis.
¶ 6. Having found Dickey’s complaint does not reach the standard for showing frivolity as could warrant sanctions pursuant to Rule 11, we briefly address Dickey’s additional argument that, since no evidence was presented concerning Frances’s ability to pay, the award of attorney’s fees was premature. Dickey argues that attorney’s fees were not warranted since Frances failed to show her inability to pay, and he relies on the factors found in McKee v. McKee, 418 So.2d 764, 767 (Miss.1982), which are used in evaluating whether or not to award attorney’s fees in a domestic case. In Mixon v. Mixon, 724 So.2d 956 (¶ 28) (Miss.Ct.App.1999), we stated:
We agree that the establishment of the McKee factors are not necessary for a contemnee to recover attorney’s fees related to pursuing actions where a con-temnor has wilfully violated a lawful order of the court. To hold otherwise would cause no peril to those restrained from certain conduct if they violate the orders of a court. However, the ultimate award must still be within reason.
Mixon, 724 So.2d at (¶ 28). See also Gardner v. Gardner, 795 So.2d 618 (¶ 4) (Miss.Ct.App.2001). As with a contempt action, we likewise find that in the case of an award for the purpose of sanctions, the recipient party need not show the McKee factors, including ability to pay, since the nature of such an award is punitive in nature against the payor and is not based on the financial status of the parties. Thus, we find no reason to review the omission of information concerning Frances’s financial situation, and we decline to sanction any rule which would require an evaluation of ability to pay in an action such as the present.
¶ 7. THE JUDGMENT OF THE LINCOLN COUNTY CHANCERY COURT AWARDING ATTORNEY’S FEES IS REVERSED AND RENDERED. ALL COSTS OF THIS APPEAL ARE TAXED TO THE APPELLEE.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, *514 THOMAS, IRVING, MYERS, CHANDLER AND BRANTLEY, JJ., CONCUR.