IRVING, J., for the Court.
¶ 1. Gregory Lee Sr. filed a petition in Lowndes County Chancery Court, seeking a modification of the judgment of divorce between him and Sonia Alicia Lee. In the petition, Gregory sought to reverse the adjudication that he is the biological father of one of the parties’ minor children. The chancellor denied the petition. Gregory now appeals and asserts that the chancellor erred in not granting the requested relief.
¶ 2. Finding no reversible error, we affirm.
*549 FACTS
¶ 3. Gregory and Sonia were married on April 2, 1994. Two children were born during the marriage: Gregory Jr., born August 2, 1995, and Morgan, born July 23, 1998. On March 29, 2004, Gregory had a home DNA test performed to determine whether he was Morgan’s biological father. The test revealed that there was a zero percent chance that Gregory was her father. Gregory shared the results of the test with Sonia.
¶ 4. On April 14, 2005, the parties filed a joint bill for divorce in which they swore that both Gregory Jr. and Morgan were born to the marriage. The parties attached the required child custody and property settlement agreement, which provided, inter alia, that Sonia would have primary custody of the minor children and that Gregory would pay child support in the amount of $714.40 per month. On June 22, 2005, the chancellor granted the parties a divorce on the ground of irreconcilable differences and incorporated the parties’ child custody and property settlement agreement into the final judgment of divorce.
¶ 5. On June 26, 2007, Gregory filed a petition to modify the judgment of divorce. In the petition, Gregory alleged that “subsequent” to the judgment of divorce, a paternity test was performed and revealed that he was not Morgan’s biological father.[1] Accordingly, he asked the court to reverse the determination that he is Morgan’s biological father and release him of all parental responsibilities, including child support, as to Morgan.
¶ 6. On August 21, 2007, Gregory filed a motion to allow a DNA test to establish the paternity of Morgan.[2] The chancellor ordered that the DNA test be performed on September 5, 2007, and set the matter to be heard on September 25, 2007. When the matter came on for hearing on September 25, rather than give live testimony, the parties stipulated to the following facts which we quote verbatim:
1. Greg Lee, Sr., and Sonia Alicia Lee were divorced by order of this Court on June 22, 2005.
2. Greg Lee, Sr., and Sonia Alicia Lee signed their Child Custody and [Property] Settlement Agreement on April 14, 2005.
3. The first DNA test result was issued on April 7, 2004, which is one year and seven days before the Parties signed their Child Custody and [Property] Settlement Agreement.
4. Greg Lee, Sr., gave a copy of the April 7, 2004, DNA test to Sonia Alicia Lee before April 14, 2005.
5. Greg Lee, Sr., has paid child support and exercised visitation with [Morgan] since April 14, 2005.
6. Greg Lee, Sr., is not the biological father of [Morgan].
¶ 7. On October 25, 2007, the chancellor entered an opinion and judgment dismissing Gregory’s petition. In the order, the chancellor stated:
The Court believes that this case is controlled by Williams v. Williams, 843 So.2d 720 (Miss.2003). Our [s]upreme [c]ourt citing NPA v. WBA, [8 Va.App. 246,] 380 S.E.2d 178 (Va.Ct.App.1989) held even though setting aside judgment of paternity:
*550 We do not hold that a man who is not a child’s biological father can be absolved of his support obligations in all cases. Those who have adopted a child or voluntarily and knowingly assumed the obligation of support will be required to continue doing so. (emphasis added) (citation omitted).
Greg was one hundred percent certain that he was not the biological father of Morgan before signing the divorce documents. He even gave Sonia a copy of the DNA report. After knowing that he was not Morgan’s father, he swore in the Complaint and in the Child Custody and [Property Settlement] Agreement that he was the father of Morgan.[3] He agreed in the [Property Settlement] Agreement to pay child support and visit with Morgan.
¶8. Additional facts, as necessary, will be related during our analysis and discussion of the issue.
ANALYSIS AND DISCUSSION OF THE ISSUE
¶ 9. “When reviewing a chancellor’s decision, [an appellate court] will accept the chancellor’s findings of fact as long as the evidence in the record reasonably supports those findings.” Norton v. Norton, 742 So.2d 126, 128-29(¶8) (Miss.1999) (citing In re Estate of Taylor v. Thompson, 609 So.2d 390, 393 (Miss.1992)). Findings of the chancellor will not be disturbed or set aside on appeal unless the decision of the chancellor is manifestly wrong, is not supported by substantial credible evidence, or an erroneous legal standard has been applied. Id. (citing Hill v. SE. Floor Covering Co., 596 So.2d 874, 877 (Miss.1992); Jones v. Jones, 532 So.2d 574, 581 (Miss.1988)).
¶ 10. Gregory contends that the result of the 2004 home DNA test is not legally binding and argues that the chancellor erred when he failed to reverse the determination that Gregory is legally Morgan’s biological father. Gregory claims that he did not become certain that he is not Morgan’s biological father until he received the results of the court-ordered DNA test on September 11, 2007. He alleges that, even after the 2004 home DNA test indicated that he was not Morgan’s father, he did not believe the test results because Sonia assured him that she had not had an extramarital affair. Gregory claims that he also relied on Sonia’s sworn statements in their joint bill for divorce and in their child custody and property settlement agreement that he was the biological father of both children. He argues that the chancellor should have considered only the 2007 court-ordered DNA results and ultimately reversed the determination that he is Morgan’s biological father.
¶ 11. Gregory also argues that the Williams case, which was relied upon by the chancellor as authority for dismissing his petition, favors his position. He explains that the facts in Williams are very similar to his and that the Williams court’s pronouncement — that “[the Mississippi Supreme Court] refuse[s] to sanction the manifest injustice of forcing a man to support a child which science has proven not to be his” — requires a reversal of the chancellor’s order. Williams, 843 So.2d at 723(¶ 18). We find Gregory’s arguments unpersuasive and his reliance on Williams misplaced.
¶ 12. Our supreme court has stated: “To justify changing or modifying a di *551 vorce decree there must have been a material or substantial change in the circumstances of the parties. The material or substantial change is relative to only the after-arising circumstances of the parties following the original decree.” Shipley v. Ferguson, 638 So.2d 1295, 1298 (Miss.1994) (citing Morris v. Morris, 541 So.2d 1040, 1042-43 (Miss.1989)).
¶ 13. Even though the chancellor did not directly address the issue of whether a material change in circumstances had occurred, our review of the record reveals that no such change occurred following the parties’ 2005 judgment of divorce. Gregory knew in 2004 that he was not Morgan’s biological father, despite his argument here that he first became certain of that fact in September 2007. That he was aware as early as April 7, 2004, that he was not Morgan’s father is made evident by his June 2007 petition for modification.[4]
¶ 14. We now address briefly Gregory’s argument that Williams requires that he be relieved of the parentage of Morgan. In Williams, Willie and Angela Williams married in 1988. Williams, 843 So.2d at 721(¶ 2). The parties separated in October 1993, and Angela gave birth to Marcus Williams in August 1994. Id. Willie and Angela divorced on November 25, 1996. Id. In the divorce decree, both parties swore that Marcus was their son. Id. Willie visited Marcus no more than four times in seven years. Id. at (¶ 3). During one of the visits, Willie noticed that his and Marcus’s physical attributes were dissimilar. Id. Accordingly, Willie had a paternity test conducted in September 1999. Id. The test concluded that Willie was not Marcus’s biological father. Id. Willie filed a motion to modify the final judgment of divorce “to reflect Willie’s nonpaternity of Marcus.” Id. at (¶ 4). The chancery court denied the motion, and Willie appealed. Id. On appeal, our supreme court found that Willie had rebutted the presumption of paternity and held that “in the absence of consanguinity, legal adoption, or a knowing and voluntary assumption of the obligation to provide support, the law will not compel one who has stood in the place of a parent to support the child after the relationship has ceased.” Id. at 723(¶ 16) (emphasis added).
¶ 15. One key fact distinguishes our case from Williams — Willie, unlike Gregory, was completely unaware of the fact that he was not Marcus’s biological father at the time that the divorce was granted. Willie did not become suspicious that he was not Marcus’s father until almost three years after the divorce decree was entered. On the other hand, Gregory knew a year before the judgment of divorce was entered that Morgan was not his child. Despite this knowledge, he voluntarily agreed to support Morgan and to exercise parental visitation with her. This contention of error is without merit.
¶ 16. We agree with the chancellor’s finding that Williams does not require that Gregory be granted the requested relief, and as there has been no material change in circumstances since the judgment of divorce was entered, the chancellor did not err in dismissing Gregory’s petition for modification.
*552 ¶ 17. THE JUDGMENT OF THE LOWNDES COUNTY CHANCERY COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE AND MYERS, P.JJ, GRIFFIS, BARNES, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ., CONCUR.

. As will be explained later, Gregory misstated the facts with respect to when the initial paternity test was performed, because it was done a little over a year prior to the entry of the judgment of divorce.

. On August 15, 2007, Sonia filed a motion for DNA testing: however, she subsequently withdrew her motion.

. A review of the child custody and property settlement agreement reveals that the parties did not swear as to the parentage of the children. They simply agreed to provisions for custody, visitation, and child support.

. Gregory’s petition states ”[t]hat subsequent to the Decree, a paternity test was performed upon the request of the Petitioner in which it [was] revealed that there was a zero percent chance that the Petitioner herein [is] the father of the child, Morgan....” (Emphasis added). However, it is impossible for this statement to reference the test performed subsequent to the judgment of divorce, because that test was not performed until two months after the petition for modification was filed. Therefore, the only test Gregory could have been referring to in his petition was the home DNA test performed in 2004.