ISHEE, J., for the Court:
 

 ¶ 1. Michael Robbins (Michael) and Katherine Robbins (Kathy) were granted a divorce on the ground of irreconcilable differences on August 18, 2005. At the time of their divorce, Michael and Kathy agreed that Kathy would have custody of their minor child, Madelyn Sunshine (Maddie). Thereafter, Michael filed a complaint for modification of custody in the Forrest County Chancery Court. Michael alleged that he should be granted full custody of Maddie because Kathy had medical problems which included morphine use, weight fluctuations, and an eating disorder. Michael also stated that there were problems with his visitations with Maddie. Following a one-day trial on the matter, the chancery court found that Kathy was to retain paramount physical custody of Maddie, subject to Michael’s continued visitation. The chancery court also granted Kathy’s request for an increase in child support commensurate with the Mississippi child-support guidelines. It is from this decision that Michael now appeals and asserts that:
 

 I. The chancery court failed to properly apply the standards in a modification of custody from one parent to the other parent, and
 

 II. The chancery court failed to properly examine the
 
 Albright
 
 factors in its decision.
 

 Finding no reversible error, we affirm.
 

 STANDARD OF REVIEW
 

 ¶ 2. “When reviewing a chancellor’s decision, [an appellate court] will accept the chancellor’s findings of fact as long as the evidence in the record reasonably supports those findings.”
 
 Norton v.
 
 
 *639
 

 Norton,
 
 742 So.2d 126, 128-29 (¶ 8) (Miss. 1999) (citing
 
 In re Estate of Taylor v. Thompson,
 
 609 So.2d 390, 393 (Miss.1992)). An appellate court will only disturb a chancellor’s findings in instances where the findings are clearly erroneous or an erroneous legal standard was applied.
 
 Id.
 
 at 129 (¶ 8) (citing
 
 Hill v. Se. Floor Covering Co.,
 
 596 So.2d 874, 877 (Miss.1992)).
 

 DISCUSSION
 

 ¶ 3. Michael first asserts that the chancery court failed to properly apply the standards in a modification of custody from one parent to the other parent. The law on custody modification is well established. “In order for child custody to be modified, a non-custodial party must prove (1) there has been a substantial change in the circumstances affecting the child; (2) the change adversely affects the children’s welfare; and (3) a change in custody is in the best interest of the child.”
 
 Johnson v. Gray,
 
 859 So.2d 1006, 1013 (¶33) (Miss. 2003).
 

 ¶ 4. Michael asserts that all three of these factors have been satisfied. Michael argues that there has been a substantial change in the circumstances affecting Maddie because Kathy: (1) has been hospitalized more than eighteen times since their divorce, (2) regularly uses prescribed morphine since their divorce, (3) continues to smoke cigarettes in spite of her worsening health condition, (4) fails to take the child to regularly scheduled medical appointments, (5) fails to get any psychological help in regard to her eating disorder, and (6) fails to allow his visitation when it conflicts with Maddie’s cheerleading schedule.
 

 ¶ 5. Michael argues that this change in circumstances has adversely affected Mad-die because Kathy: (1) is not at home due to her hospitalizations, and Maddie is cared for by others, (2) uses morphine on a regular basis causing her parenting skills to decline, (3) smokes cigarettes, and Mad-die is subjected to second-hand smoke, (4) fails to take Maddie to her medical appointments, and (5) prevents his normal visitation with Maddie.
 

 ¶ 6. In its ruling, the chancery court recognized that Kathy had suffered some serious health issues since the divorce. However, all of these health issues were pre-existing conditions that she dealt with both prior to and at the time of the divorce. The chancery court found that despite Kathy’s health issues and hospital stays, there had been no evidence presented by Michael indicating that Maddie lived in any sort of adverse conditions. Maddie had her own room, friends, a dog, and was being tested for her school’s gifted program. The chancery court also noted that Maddie had always been well-taken care of by her maternal grandparents whenever Kathy was in the hospital.
 

 ¶ 7. Kathy testified that she occasionally smokes cigarettes; she smoked cigarettes during her marriage to Michael and at the time of their divorce; and Michael was aware that she smoked cigarettes. Kathy also testified that she did not smoke cigarettes around Maddie. Kathy further testified that she does not use illegal drugs and provided the chancery court with her negative drug-test results. Kathy asserts that the only medication she takes is prescribed to her by her physician.
 

 ¶ 8. Michael failed to provide any evidence in support of his allegation that Kathy suffers from an eating disorder. At trial, evidence was presented that Kathy has never been diagnosed with any form of an eating disorder and was of average or above-average weight. The chancery court found that there had been no material changes in circumstances. We agree with the findings of the chancery court on
 
 *640
 
 this issue; therefore, this issue is without merit.
 

 ¶ 9. Because Kathy’s health issues were in existence prior to the divorce and Michael was aware of them, there has been no material change in circumstances. Despite her health issues, Kathy has remained employed and has ensured that Maddie is well-taken care of when she has had to be hospitalized. Therefore, this issue is also without merit.
 

 ¶10. THE JUDGMENT OF THE FORREST COUNTY CHANCERY COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
 

 KING, C.J., LEE AND MYERS, P.JJ., IRVING, GRIFFIS, BARNES, ROBERTS AND MAXWELL, JJ., CONCUR. CARLTON, J., NOT PARTICIPATING.