CARLTON, J.,
dissenting:
¶ 16. I respectfully dissent and find that sufficient evidence exists to support the chancellor’s issuance of a protective order. The preponderance of the evidence constitutes the standard of proof the petitioner bears to prove allegations of abuse in support of a protective order. Miss. Code Ann. § 93-21-11 (Supp.2009). In recognizing that the chancellor finds facts and determines credibility, an appellate court will not reverse a chancellor’s findings of fact when the evidence reasonably supports those findings. Robbins v. Robbins, 40 So.3d 637, 638 (¶ 2) (Miss.Ct.App.2010).
¶ 17. A protective order issued by a tribunal of another state to protect the applicant from domestic abuse, as defined by statute, shall be accorded full faith and credit by the courts of this state and enforced in this state as provided for in the Uniform Interstate Enforcement of Domestic Violence Protection Orders Act. Miss.Code Ann. § 93-21-11 (Supp.2009); Miss.Code Ann. § 93-21-16 (Supp.2009); Miss.Code Ann. § 93-22-5 (Rev.2004). Moreover, a knowing violation of a protective order by a Mississippi or foreign court is a misdemeanor. Miss.Code Ann. § 93-21-21 (Rev.2004).
¶ 18. I therefore find no abuse of discretion and would affirm the judgment of the chancellor.
BARNES, J., JOINS THIS OPINION.